IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORENZO W. POWELL, #1056946, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:23-CV-2742-L-BK |
| STATE OF TEXAS, ET AL., DEFENDANTS. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On December 7, 2023, Lorenzo Powell, a state inmate, filed pleading titled *Writ of Mandamus, All Writs Act,* 28 U.S.C. 1651. Doc. 3. He seeks to compel the state court to produce copies of his trial records in Case No. F01-39888. Doc. 3 at 1-2. Powell states that on June 24, 2023, he filed a motion to produce records or documents in the trial court, the 203rd Judicial District Court of Dallas County. Doc. 3 at 2. Because he received no response, Powell also wrote letters to the Texas Attorney General, the State Law Library Inmate Copy Service, and the Austin Public Library requesting copies of the court documents and trial records. Doc. 3 at 2.

A review of the online docket in Case No. F01-39888 confirms Powell filed a *Motion for Production of Documents and or Records* on July 31, 2023, which was docketed as correspondence.[1]

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed sua sponte.[2]

**II. ANALYSIS**

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over this action.

Powell requests a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651. That statute provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. But federal courts lack mandamus authority over state entities. *See Moye v. Clerk, DeKalb Cnty. Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam) (holding federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought); *Moore v. 204th Dist. Ct.*, No. 3:08-CV-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) ("Federal courts lack the general power

---

[1] The Dallas County District Court Case Information is available at https://www.dallascounty.org/services/record-search/ (last accessed on Jan. 24, 2024).

[2] Because jurisdiction is lacking, the Court need not address Powell's failure to pay the filing fee or move to proceed *in forma pauperis*.

to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." (citing *Moye*, 474 F.2d at 1276)). Consequently, the Court lacks jurisdiction over Powell's request for mandamus relief.

Even if Powell seeks relief under the federal mandamus statute, 28 U.S.C. § 1361, the Court likewise lacks jurisdiction. That statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Section 1361 does not empower federal courts to compel state officers or state agencies to act. *See Moye*, 474 F.2d at 1275-76.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged in Powell's petition demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

This action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on January 29, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).